FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 MAY -4 AM 11:02

CLERK OF COURT

D. Michael Lynn
U.S. Bankruptcy Judge

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ENTERED
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET
TAWANA C. MARSHALL, CLERK

MAY 0 3 2012

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 08-45664-DML |
| PILGRIM'S PRIDE CORPORATION, et al., | CHAPTER: 11 |
| DEBTORS. | |
| | |
| BUBUNE KOFI ATTIPOE | CIVIL ACTION NO.: 4:12-CV-079-Y |
| V. | |
| PILGRIM'S PRIDE CORPORATION | |

## MEMORANDUM ORDER CERTIFYING THAT APPEAL IS NOT TAKEN IN GOOD FAITH

Before the bankruptcy court is the *Order Transmitting Application to Bankruptcy Court for Decision* in which the Honorable Terry R. Means of the District Court for the Northern District of Texas asks the bankruptcy court to determine whether the appeal of Bubune Kofi Attipoe ("Plaintiff") is taken in good faith under 28 U.S.C. § 1915(a)(3). The District Court directed the bankruptcy court to make this determination as Plaintiff has applied to proceed *in*

*forma pauperis* with his appeal, but may not do so "if the [bankruptcy court] certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(3).

An appeal taken in "good faith" under section 1915(a)(3) is an appeal that, objectively considered, raises non-frivolous colorable issues. *Mallory v. Kawaski*, 2007 WL 1099545, at *1 (C.D. Ill. April 10, 2007) (citing *Cruz v. Hauck*, 404 U.S. 59, 62, 92 S.Ct. 313, 315, 30 L.Ed.2d 217 (1971)). An appeal is taken in good faith if it presents a legal issue that is arguable on its merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). A plaintiff that identifies issues that are debatable among jurists, or that could be resolved in a different manner, or that are sufficient to deserve encouragement to proceed further, demonstrates a good faith basis for an appeal. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998).

Plaintiff appeals the bankruptcy court's *Order Granting Debtors' Motion for Summary Judgment with Regard to Proof of Claim Filed by Bubune Attipoe* in which the bankruptcy court determined that Plaintiff had failed to maintain a *prima facie* case of employment discrimination against Pilgrim's Pride Corporation, *et al* ("Defendants"), and that Defendants were entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56, as made applicable in bankruptcy courts by Federal Rule of Bankruptcy Procedure 7056.

Plaintiff failed to respond to the motion for summary judgment on his claim filed by Defendants, though he did appear *pro se* at a hearing held by the bankruptcy court on May 26, 2011. Plaintiff has also failed to file a statement of issues on appeal. There is no basis for the bankruptcy court to determine that Plaintiff has a non-frivolous, colorable legal argument on appeal. The bankruptcy court therefore determines that the appeal is not taken in "good faith" under section 1915(a)(3). It is therefore

**CERTIFIED** that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3); and it is further

**ORDERED** that the clerk of the bankruptcy court transmit a copy of this order to the District Court and Plaintiff.